IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Christopher Waller,<br><br>  Plaintiff,<br>v.<br><br>GE Capital Retail Bank; and DOES 1-10, inclusive,<br><br>  Defendants. | Civil Action No.: 4:14-cv-58-HLM<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Christopher Waller, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Christopher Waller ("Plaintiff"), is an adult individual residing in Chickamauga, Georgia, and is a "person" as defined by 47 U.S.C.A. § 153(39).

5. Defendant GE Capital Retail Bank ("GE Capital"), is a Delaware business entity with an address of 1209 Orange Street, Wilmington, DE 19801, and is a "person" as defined by 47 U.S.C.A. § 153(39).

6. Does 1-10 (the "Agents") are individual agents employed by GE Capital and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. GE Capital at all times acted by and through one or more of the Collectors.

## FACTS

8. In or around November 2013, GE Capital began placing calls to Plaintiff's cellular telephone, number 912-XXX-1511.

9. At all times mentioned herein, GE Capital placed calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

10. When Plaintiff answers a call from GE Capital he is met with silence and he is not able to speak with a live representative.

11. Upon information and belief, Plaintiff never provided his cellular telephone number to GE Capital and never provided his consent to be contacted at his cellular telephone number.

12. Regardless, GE Capital continued to place calls to Plaintiff's cellular telephone number.

## COUNT III
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

13. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. At all times mentioned herein and within the last four years, Defendant called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

15. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative]

will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

16. Defendant's telephone systems have some earmarks of a Predictive Dialer. Often times when Plaintiff answered the phone, he was met with silence.

17. Upon information and belief, Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B); and

2. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 19, 2014

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney Bar No.: 598666
Attorney for Plaintiff Christopher Waller
LEMBERG LAW L.L.C.
1100 Summer Street, Third Floor
Stamford, CT 06905
Telephone: (203) 653-2250 ext. 5500
Facsimile:  (203) 653-3424
Email: slemberg@lemberglaw.com